UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                            :

In re:                                                  :         Chapter 11

49 BLEECKER INC.                          :         Case No. 21-10312 (MEW)

                         Debtor.                  :

------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR REMOTE EVIDENTIARY
HEARING IN CONNECTION WITH A DISPUTE AS TO WHETHER
A CERTAIN LEASE TERMINATED ON DECEMBER 31, 2018.**

The Court will hold an evidentiary hearing at 11:00 a.m., on June 7, 2021 (the "<u>Hearing</u>"). At a hearing on April 20, 2021, Rogers Investments NY, LLC (the "Landlord") and 49 Bleecker Inc. (the "Debtor") agreed that the issue of whether a certain lease agreement between the Landlord and the Debtor, dated December 14, 2012, terminated as of December 31, 2018, would be tried to this Court and decided by this Court at a hearing on June 7, 2021. The issues to be tried shall include issues as to whether the notice of termination was properly served as required by the Lease, whether the termination option was properly invoked and whether conditions to termination were met. For this purpose, the motion by the Landlord for relief from the automatic stay shall be deemed to constitute a request for a judicial determination by this Court as to whether the Lease terminated prior to the filing of this bankruptcy case, and the parties' agreements on April 20, 2021 shall be deemed to constitute their consent to a trial of these issues by this Court on June 7, 2021. Other disputes between the parties (including but not limited to disputes as to rights to payments made by sub-tenants) shall not be part of the trial on June 7, 2021.

Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic

provides good cause in compelling circumstances to allow this Hearing to be conducted remotely using audio and video conferencing solutions. Accordingly, pursuant to this Court's General Order M-543 regarding the COVID-19 pandemic, and after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate safeguards in relation to the Hearing.

IT IS HEREBY ORDERED THAT:

1. **Hearing**.  The Court will conduct the Hearing as a remote evidentiary hearing on **June 7, 2021 at 11:00 a.m**., in accordance with the procedures specified in this Order.

2. **Pretrial Order**.  On or before June 2, 2021 at 5:00 p.m., the parties shall submit a proposed Joint Pretrial Order in the form specified in this Court's rules of practice, which shall identify (a) all stipulated facts, (b) a brief statement of the contested facts that the party proposes to prove, (c) the witnesses whose testimony the parties propose to offer, and (d) a list of exhibits that each party intends to use, together with a statement of any objections that any party has to the admission of any exhibit that another party proposed to use.  Further procedures regarding attorneys, witnesses and exhibits are set forth below.  Parties may list their legal contentions in the Joint Pretrial Order or may instead refer to their other submissions for that purpose.

3. **Witnesses**.  Each party who proposes to offer the testimony of a witness shall specify whether such testimony will be offered live or by means of a prior deposition.  The witness must be available for video teleconferencing via Zoom (defined below) for direct examination, cross examination and redirect examination, unless the parties agree to submit testimony through deposition excerpts.  If testimony is to be offered by deposition the parties shall jointly designate the relevant excerpts only.  Unless the Court orders otherwise in advance of the Hearing, (i) testimony will **not** be accepted in the form of affidavits or declarations, and (ii) the Court will not

2

permit entire deposition transcripts (as opposed to reasonable designated excerpts) to be offered into evidence. **Each witness shall testify only once, unless the Court orders otherwise based on good cause.** Accordingly, cross-examination will not be limited to the scope of an opposing party's direct examination. Questions asked on cross-examination may include any matters that the examining party wishes to offer as part of its own case.

4. **Exhibits**. The parties will coordinate their exhibit lists to eliminate duplication, and any party shall be permitted to use any exhibit designated by another party (except to the extent that an objection to the admissibility of the exhibit has been made and is sustained). Any document that any party intends to offer or that it believes it may offer into evidence at the Hearing, and any document that any party believes may be used for impeachment or for demonstrative purposes (collectively, the "Exhibits"), must be included in the Exhibit designations in the Joint Pretrial Order. In addition, copies of all Exhibits must be provided by the parties no later than 5:00 p.m. on June 2, 2021, and electronic copies of all Exhibits must be provided to the Court at that same time. **Any Exhibit not designated in advance and in accordance with the procedures set forth in this Order shall be excluded at the Hearing, unless the Court orders otherwise for good cause.**

5. **Time Limits**. Rogers Investment shall be allotted a total of three (3) hours with which to present its evidence and argument, which shall be divided between its direct and rebuttal case as it sees fit. The Debtor will be allotted a total of three (3) hours to present its evidence and argument. For the avoidance of doubt, any time that a party spends questioning a witness (whether on direct examination or cross-examination) shall be counted against that party's time and not against the other party's time.

6. **Audio and Videoconferencing Solutions.** The Hearing shall take place virtually using both audio and videoconferencing solutions as set forth herein. The Court shall utilize Zoom for Government ("Zoom") for both video and audio purposes. The Zoom link shall be provided by the Court to the list of Participants in accordance with Section 8 below. All counsel and witnesses that participate via Zoom shall participate in appropriate pretrial testing of Zoom as may be required by this Court's information technology personnel. **Any counsel or witness who fails to participate in the pretrial testing of Zoom shall not be permitted to participate in the Hearing.**

7. **Participation in Arguments and Evidentiary Submissions.** Absent further order of the Court for good cause shown, only counsel for the Debtor and Roger Investment may offer evidence, argue and otherwise be heard at the Hearing.

8. **Submission of Participants' Names**. The parties will provide the Court with a list of all attorneys who will be heard on behalf of each party (including the attorneys' first and last names, affiliation, party represented, telephone number and email address), and a list of the first and last names, telephone number, business affiliation and email address of each witness who may be heard during the Hearing, *by no later than 4:00 p.m., June 1, 2021* (such attorneys and witnesses, the "Participants"). Unless otherwise ordered by the Court for good cause, (a) any Participant who fails to participate in the required pretrial testing and (b) any witness not properly designated in the Joint Pretrial Order, shall not be permitted to participate in the Hearing. Participants may only participate in the Hearing by way of a video connection to Zoom; telephonic appearances and testimony will not be permitted. The Court will circulate by email prior to the Hearing the Zoom link to all identified Participants.

9. **Attendance at the Hearing by Other Attorneys, Parties in Interest and the Public. All other attorneys, parties in interest, or members of the public who wish to hear the Hearing ("Non-Participating Attendees") shall send an email to Chambers (wiles.chambers@nysb.uscourts.gov) on or before 5:00 p.m., June 4, 2021 to request admission. To be admitted, Non-Participating Attendees must provide the Court with the telephone number that will used to connect to Zoom and the first and last names of each person who will connect.** The Court will circulate by email prior to the Hearing the Zoom dial-in instructions to all approved Non-Participating Attendees who wish to hear the Hearing via Zoom. Non-Participating Attendees may only attend the Hearing telephonically by dialing into Zoom.

10. **Remote Witness Testimony.** Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. The Court finds and concludes that good cause in compelling circumstances exist here due to the COVID-19 pandemic, and any witness called to testify at the Hearing shall testify by contemporaneous transmission from a different location than the Courtroom (a "Remote Witness"). All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect as if such Remote Witness was sworn in person in open court at the courthouse. The party offering the Remote Witness shall be responsible for ensuring that the Zoom link, and *all exhibits from all parties* are supplied to the Remote Witness in hard copy or electronic format (i.e., .PDF) prior to the Hearing. No person other than counsel may be present in the room from which the Remote Witness will testify during the testimony of the Remote Witness. While the Remote Witness is testifying, he or she may not have in the room

5

from which the Remote Witness will testify any documents relating to this matter except the Exhibits designated by the parties and submitted to the Court in accordance with the foregoing procedures. No Remote Witness shall access or operate any electronic device or communications software while testifying, other than the Zoom software itself, the electronic device on which it is running, and software necessary to view exhibits in electronic format. Attorneys and Remote Witnesses must have their video feeds enabled while speaking at the hearing.

11. **Courtroom Formalities.** Although being conducted using audio and video conferencing solutions, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No party may record images or sounds from any location. When called to testify, a Remote Witness must situate his or her camera such that it is directly in front of the Remote Witness, and must situate himself or herself in such a manner as to be able to view the video screen. For purposes of this Hearing, the formalities of a courtroom must be observed, *except* that the Court will permit counsel or witnesses participating in this Hearing to be attired in business casual clothing.

12. **Checking in for Hearing. Because of the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to Zoom beginning at 10:45 a.m., June 7, 2021. When seeking to connect for either audio or video participation in a Zoom for Government hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) provided to the Court in accordance with Sections 8 and 9 above. You may experience a delay in the Waiting Room before you are admitted to the Hearing.**

13. **Retention of Jurisdiction.**  This Court retains jurisdiction with respect to all matters arising from or related to this Order.

Dated: New York, New York
May 27, 2021

/s/ **Michael E. Wiles**
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE